Monika **FRALEY**, Plaintiff,

v.

**AMERICAN CYANAMID COMPANY**
d/b/a **Lederle Laboratories,**
**Defendant.**

**Civ. A. No. 81–K–2071.**

United States District Court,
D. Colorado.

Aug. 13, 1984.

3. Price of Roper oven ($11,000) × Maximum Number of Infringing Units Sold (20,000) = $22 million.

Robert W. Harris, Denver, Colo., for plaintiff.

C. Scott Crabtree, Denver, Colo., for defendants.

---

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In 1971 plaintiff contracted poliomyelitis as a result of contact with her six month old child who was given a vaccine manufactured by defendant Lederle Laboratories.[1] Plaintiff instituted this products liability suit alleging that Lederle failed to enclose or provide an adequate warning of risks inherent in the use or ingestion of its polio vaccine Orimune. She bases her action on the theories of negligent failure to warn, strict liability and breach of warranty.

I granted plaintiff's earlier motion for partial summary judgment holding that Lederle's warning was inadequate based on collateral estoppel. A jury had determined, in an earlier diversity suit, that the warning Lederle provided in its package inserts and in the Physician's Desk Reference were inadequate. *Givens v. Lederle Laboratories*, No. 73–59 Civ. T–K (M.D.Fla. 1975), *app. decision* at 556 F.2d 1341 (5th Cir.1977).

Plaintiff has now submitted a Motion in Limine seeking an order precluding defendant from eliciting testimony from any witness regarding the standard of practice and duties of pediatricians in 1971 with respect to warning a parent of the risks of contracting polio from contact with a vaccinated child. As grounds for her Motion in Limine, plaintiff argues that because the warning on the polio vaccine is inadequate as a matter of law, a prescribing physician's conduct may not insulate the drug manufacturer from liability. In the alternative, plaintiff argues that the evidence of the standard of practice is irrelevant to the issue of proximate cause. Defendant contends that the applicable standard of practice is necessary to determine whether the prescribing doctor would have heeded an adequate warning.

Admittedly, in order to succeed on this claim plaintiff must show that Lederle's failure to warn was a proximate cause of her injury. *See Reyes v. Wyeth Laboratories*, 498 F.2d 1264, 1279 (5th Cir. 1974), *cert. denied* 419 U.S. 1096, 95 S.Ct. 687, 42 L.Ed.2d 688 (1979). The conduct of a prescribing physician may insulate a drug manufacturer from liability if it is affirmatively established that the doctor would not have heeded an adequate warning.[2] *See,*

---

1. The parties have stipulated that the plaintiff contracted polio as a result of contact with her child. 570 F.Supp. 497, 498 (D.Colo.1983).

2. Plaintiff relies on *Hamilton v. Hardy*, 37 Colo. App. 375, 549 P.2d 1099 (1976) to argue that a prescribing physician's actions are irrelevant to a drug manufacturer's liability. The court in *Hamilton* held that "where an ethical (*i.e.,* prescription) drug manufacturer puts a drug on the market without adequate warning, the prescribing doctor's conduct may not insulate the manufacturer from liability where the inade-

quacy of the warning may have contributed to the plaintiff's injury." *Id.* at 1109. The court reversed a grant of a directed verdict for the defendant drug manufacturer noting that the actions of the plaintiff's physician are not factors necessary to establish a prima facie case. *Id.* Nevertheless, a defendant drug manufacturer may show that a physician's negligence was an intervening cause of a defendant's injury to rebut the plaintiff's prima facie showing that failure to warn was a proximate cause.

e.g., *Douglas v. Bussabarger*, 73 Wash.2d 476, 438 P.2d 829, 831 (1968) (en banc) (where the prescribing physician stated that he did not read the allegedly inadequate warning); *Oppenheimer v. Sterling Drug, Inc.*, 7 Ohio App.2d 103, 219 N.E.2d 54, 58 (1964) (where the prescribing physician testified that he relied on his own knowledge and experience and did not rely on any of the manufacturer's warnings).

■ As the above cases show, evidence, if relevant to the issue of whether the inadequate warning contributed to the injury, is admissible. In this action the evidence the defendant wishes to introduce is not relevant to that issue. The question of what a physician adhering to the standard of practice in 1971 would have done or would not have done does not have to be addressed.

The acts of the treating physician, not the average or "reasonable" physician, are the acts relevant to proximate cause. One must prove what that particular physician would have done in that particular circumstance. *See, e.g., McEwen v. Ortho Pharmaceutical Corp.*, 270 Or. 375, 528 P.2d 522, 539 (1974) (substantial evidence that if adequate warnings had been given, plaintiff's treating physicians would have recommended that the plaintiff cease using the medication before her injuries became irreversible); *Chambers v. G.D. Searle & Co.*, 441 F.Supp. 377, 384 (D.Md.1975), *aff'd* 567 F.2d 269 (4th Cir.1977) (evidence showed that adequate warnings of risks associated with oral contraceptives would not have made a difference in the physician's treatment of the plaintiff). Defendant has already deposed plaintiff's treating physician, Dr. Paul Rhodes. The deposition indicates that sufficient evidence can be produced at trial to show what Dr. Rhodes would have done if an adequate warning would have been included with the Orimune vaccine.

Testimony concerning the standard of practice in 1971 is irrelevant and inadmissible. Plaintiff's Motion in Limine is granted.